**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

VERILINK LLC,

Plaintiff,

v.

IYK GMI, INC.,

Defendant.

Case No. 1:26-cv-1740

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Verilink LLC, by and through its attorneys, Lipsitz Green Scime Cambria LLP, for its Complaint against IYK GMI, Inc., respectfully states and alleges as follows:

## NATURE OF THE ACTION

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This case asserts infringement of United States Patent No. 11,651,185 B2 ("the '185 Patent").

## PARTIES

2. Plaintiff Verilink LLC ("Plaintiff" or "Verilink") is a New York State Limited Liability Company with its principal place of business at 642 Aurora Street, Lancaster, New York.

3. Upon information and belief, Defendant IYK GMI, Inc. ("Defendant" or "IYK") is a New York State corporation.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

5. Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendant because Defendant, directly and through its subsidiaries, divisions, groups, customers or distributors, has sufficient minimum contacts with this forum as a result of business conducted within the State of New York and/or pursuant to Fed. R. Civ. P. 4(k)(2). Furthermore, on information and belief, Defendant has engaged in continuous, systematic, and substantial activities within this State, including marketing and sales of products, directly or indirectly, within this State and this District. Furthermore, on information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed acts giving rise to Verilink's claims for patent infringement within and directed to this District.

6. Furthermore, on information and belief, Defendant has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased and/or used by residents of this judicial District, including by directly and indirectly working with distributors and customers of Defendant, and other entities located in or doing business in the State of New York, to ensure the accused products reach the State of New York and this judicial District.

7. Defendant also maintains a commercial website accessible to residents of the State of New York and this judicial District, through which Defendant promotes and facilitates sales of the accused products.

8. In addition, on information and belief, venue is proper in this judicial district under 28 U.S.C. § 1391(b), (c) and 1400(b) because Defendant has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in New York and in this judicial district.

9. Venue is therefore proper in the Western District of New York under 28 U.S.C. § 1400(b).

## GENERAL ALLEGATIONS

10. The '185 Patent, entitled "System and Method For Prominently Propagating Advertisements and Messages From A Garment," duly and legally issued on May 16, 2023, from U.S. Patent Application No. 17/745,664, filed on May 16, 2022, naming Jacob Godfrey and Christa Platts as the inventors. A true and correct copy of the '185 Patent is attached hereto as **Exhibit 1** and is incorporated by reference.

11. The '185 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

12. Verilink is the owner and assignee of all rights, title, and interest in and under the ‘185 Patent.

13. An assignment of the ‘185 Patent from inventors Godfrey and Platts to Tag Tappers, LLC is attached as **Exhibit 2**.

14. An assignment of the ‘185 Patent from Tag Tappers, LLC to Verilink is attached as **Exhibit 3**.

15. Verilink has standing to sue for infringement of the ‘185 Patent.

16. Defendant has not obtained a license to the ‘185 Patent.

17. Defendant did not have Verilink’s permission to make, use, sell, offer to sell, or import products or practice methods that are covered by one or more claims of the ‘185 Patent.

18. Defendant has made, used, sold, offered to sell, and/or imported into the United States products as claimed in the ‘185 Patent.

19. Defendant has infringed (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one of more claims of the ‘185 Patent by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States products that infringe at least one claim or more of the ‘185 Patent.

20. Prior to the initiation of this lawsuit, Defendant had knowledge of the ‘185 Patent.

**AS AND FOR A FIRST CAUSE OF ACTION**

21. Verilink incorporates herein the allegations made in paragraphs 1 through 20.

22. Defendant has directly infringed one or more claims of the ‘185 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United

States infringing products.

23. Defendant has had actual knowledge of the '185 Patent and of its infringement of the '185 Patent.

24. As a result of Defendant's infringement of the '185 Patent, Verilink has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

25. In addition, Defendant's infringing activities detailed in this Complaint have been willful, egregious, wanton, and deliberate in disregard to Verilink's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury in this action on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and grant the following relief:

1. A judgment that Defendant has directly and/or indirectly infringed (as pled above) one or more claims of the '185 Patent;

2. A judgment and order requiring Defendant to pay Verilink past and future damages (as applicable) under 35 U.S.C. § 284, including for supplemental damages arising from any

continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

3. A judgment and order that Defendant has willfully infringed the '185 Patent and requiring Defendant to pay Verilink enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285;

4. A judgement and order requiring Defendant to pay Verilink pre-judgment and post-judgment interest on the damages award;

5. A judgment and order requiring Defendant to pay Verilink's costs; and

6. For such other and further relief as the Court deems necessary, equitable, just, and proper.

Dated: August 14, 2026
Buffalo, New York

LIPSITZ GREEN SCIME CAMBRIA, LLP

/s/ Jonthan W. Brown
Jonathan W. Brown, Esq.
*Attorneys for Plaintiff*
Lipsitz Green Scime Cambria LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333 ext. 371
jbrown@lglaw.com